IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SCOTT FOSTER, <br><br> Plaintiff, <br><br> v. <br><br> **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,** <br><br> Defendant. | Case No. 21-CV-166-TCK-MTS |

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon" or "Defendant"), seeks a stay of discovery pending a decision on Verizon's soon-to-be filed Motion to Dismiss Relator's Amended Complaint. The parties recently met and conferred as required under Rule 16. Relator indicates he intends to push for discovery while the motion to dismiss is pending. Verizon has already once moved to dismiss (ECF No. 36) and will again submit a fully dispositive motion that should resolve this matter in its entirety. Beginning discovery, with Verizon's motion to dismiss pending, will be wasteful of the parties' and the Court's resources because it is likely that some or all of Relator's claims can be decided by Defendant's forthcoming motion. The likely disputes over discovery will require the Court's involvement, expending scarce judicial resources before the case has been either substantially narrowed in scope, if not dismissed entirely.

Relator opposes this motion.

Defendant's basis for dismissal is strong. Relator's Amended Complaint fails to plead any element of a false claim: there is no false claim, no alleged material falsity, no false claim that Verizon had knowledge of, and no alleged material harm to the Oklahoma State Department of Education or any school district in Oklahoma from Verizon's conduct. Each of these flaws will constitute an independent ground for dismissal under black letter law. In addition, Relator lacks the personal knowledge necessary to qualify as an "original source."

As Defendant will explain in its forthcoming motion to dismiss, Relator's allegations are legally without merit, and the Court can dispose of them as a matter of law. Because substantial grounds exist for dismissing the Amended Complaint in its entirety, and further amendment cannot cure Relator's purported claims, the threshold challenges to this litigation weigh heavily in favor of a stay.

## BACKGROUND AND PROCEDURAL HISTORY

Relator filed this *qui tam* Complaint in April 2021, asserting a single count under the False Claims Act, 31 U.S.C. § 3729. ECF No. 2. Relator's Complaint attempted to allege that Verizon violated the False Claims Act by providing the Ardmore School District with "defective" Ellipsis Jetpack 900L devices and then sought reimbursement from federal funds that the United States provided to the State of Oklahoma under the CARES Act. *See generally id.* The Complaint remained under seal until December 21, 2022, at which time the government declined to intervene. ECF No. 14. A summons issued on March 21, 2023. ECF No. 16.

On June 20, 2023, Defendant moved to dismiss Relator's Complaint. ECF No. 36. In response to the motion, Relator filed an Amended Complaint on August 25, 2023. ECF

No. 40. Verizon's motion to dismiss the Amended Complaint is due on October 23, 2023 (ECF No. 43, "Am. Compl.")

In spite of the legal impediments that still plague the Amended Complaint, Relator wishes to embark immediately on document and electronic discovery that will be expensive and lead to burdensome disputes with the Court. Before the Court allows Relator to move forward with discovery, it should ensure that Relator's Amended Complaint can survive the scrutiny of Defendant's forthcoming motion to dismiss. Given the nature of this case, there will be no prejudice to starting discovery if the Amended Complaint survives Verizon's motion to dismiss.

## LEGAL STANDARD

A district court has inherent authority to "stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); Fed. R. Civ. P. 26(c)(1).

"[I]n deciding whether to grant a stay of discovery[,]" the Court may consider the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Samson Res. Co. v. J. Aron & Co.*, No. 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009) (Kern, J.).

# ARGUMENT

Each of the five factors weighs in favor of a stay of discovery of this case. Additionally, the careful use of judicial resources benefits both the Court and the public, and a limited stay pending resolution of the forthcoming motion to dismiss is unlikely to cause Relator any prejudice.

## I. THE COST AND BURDEN OF PREMATURE AND UNNECESSARY DISCOVERY ARE UNDUE AND SIGNIFICANT.

Forcing Defendant to incur the costs and burdens of discovery before a ruling on the forthcoming motion to dismiss creates an unnecessary burden when Defendant is challenging the allegations within the pleadings, especially after Relator has been provided an opportunity to amend those allegations. Relator did not pursue discovery while the first motion to dismiss was pending. Even if a motion to dismiss is granted only in part, a stay of discovery until such a ruling is appropriate as it could significantly limit the scope of discovery. It would be wasteful and burdensome to the parties and the judiciary for unnecessary discovery to proceed.

### A. Relator should not be able to begin discovery without having survived the motion to dismiss or met the particularity requirements of Rule 9(b).

Defendant will be harmed if it has to incur costly discovery for a case that could be decided with Defendant's forthcoming motion to dismiss. Defendant argued in its initial motion to dismiss, and will argue again, that Relator fails to allege that (1) Verizon did not provide the devices that it billed for, (2) that Verizon violated a federal law or regulation, or (3) that Verizon violated a term of its contract with Oklahoma. Relator's failure to meet his

obligations under Rule 9(b) warrant a stay of discovery, because "[a]n FCA defendant faces exceptional harm where a relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge of specific, non-publicly disclosed false claims that are alleged to have defrauded the Government." *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 10-81634-CIV, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014)

An FCA relator must plead with particularity "the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme." *U.S. ex rel. Lemmon v. Envirocare of Utah*, 614 F.3d 1163, 1172 (10th Cir. 2010). *See also* Fed. R. Civ. P. 9(b). Yet here, Relator does not plead the "who, what, where, when, and how" of any alleged fraud. As Defendant has argued once and will argue again, Relator does not state who from Verizon engaged in the allegedly fraudulent behavior, where such behavior occurred, or how it occurred, among other deficiencies.

This failure to satisfy Rule 9(b) is critically important in the discovery context. Rule 9(b) plays a gatekeeping function to prevent litigants from engaging in fishing expeditions based on unclear allegations masquerading as fraud claims. "The purpose of Rule 9(b) is 'to afford defendant[s] fair notice of plaintiff's claims and the factual ground upon which [they] are based.'" *U.S. ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (quoting *Lemmon*, 614 F.3d at 1172). And "[t]he reluctance of courts to permit qui tam relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown wrongs." *U.S. ex rel. Karvelas v. Melrose-Wakefield*

*Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) (quotation and citation omitted), *abrogation in part on other grounds recognized by Lestage v. Coloplast Corp.*, 982 F.3d 37, 46 (1st Cir. 2020).

In the FCA context, courts recognize that "[b]ecause 'insiders privy to a fraud on the government' should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *U.S. ex rel. Modglin v. DJO Global Inc.*, No. 12No. 12-cv-07152, 2014 WL 12564275, at *2-3 (C.D. Cal. Feb. 20, 2014) (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

For this reason, courts routinely grant discovery stays in FCA cases pending the resolution of a motions to dismiss on Rule 9(b) grounds. *See, e.g., United States v. Safeway, Inc.*, No. 11-CV-3406, 2016 WL 3906571, at *1 (C.D. Ill. July 14, 2016) (explaining that granting a "stay will support the policies underlying the particularity requirements of Federal Rule of Civil Procedure 9(b). The relator in a False Claims Act must allege fraudulent violations with the particularity required by Rule 9(b)."); *United States ex rel Modglin v. DJO Glob. Inc.*, No. CV1207152MMMJCGX, 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014) (holding that "because the purpose of the FCA is furthered by granting a stay until the court has determined whether plaintiffs have stated a fraud claim under Rule 9(b), the court grants defendants' motion and stays discovery until it has ruled on the pending motion to dismiss."); *United States v. UT Med. Grp., Inc.*, No. 12-CV-02139-JPM-TMP, 2013 WL 12149636, at *3 (W.D. Tenn. Aug. 15, 2013) (denying the relator's motion to compel discovery while the defendant's motion to dismiss was pending, explaining that "[t]o allow [the relator] to obtain the post-pleading discovery at issue would directly contravene the purpose of the heightened pleading requirements.") (quotation and citation omitted);

6

*U.S. ex rel. Liotine v. CDW-Gov't, Inc.*, No. CIV. 05-033-DRH, 2009 WL 720958, at *1 (S.D. Ill. Mar. 18, 2009) ("As a general rule, the purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case."); *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1040, 1053 (S.D. Ga.) (granting a motion to stay discovery in an FCA case, explaining that the relator cannot "engage in discovery to unearth additional facts to support its complaint."); *see also U.S. ex rel. Williams v. Med. Support Los Angeles, Inc.*, No. SACV2000198CBMDFMX, 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021) (granting stay in FCA case with motion to dismiss pending, acknowledging the defendants' argument that the relator "should not be able to take advantage of discovery obtained while motions to dismiss are litigated to add the factual claims needed to comply with Rule 9(b)'s pleading requirements.") (quotation and citation omitted). Given Relator's failure to plead his allegations with sufficient particularity, it would not be appropriate to permit him to proceed with discovery to find facts that he has not alleged. At a minimum, Relator should be required to survive Verizon's motion to dismiss before being permitted to conduct any discovery in an attempt to prop up or bootstrap an otherwise deficient Amended Complaint.

Similarly, Defendant has already argued and expects to again demonstrate the substantive failures of Relator's lawsuit as a matter of law. For example, for the element of falsity, Relator's Amended Complaint contains no well-pleaded facts to support his suggestions that the Devices were "defective" or that the surcharges were not permitted.

No facts elsewhere in the Amended Complaint suggest that the alleged "defects" or surcharges, as described in the Amended Complaint, were material to the government's payment of claims for services Verizon rendered to the School District.

Finally, as Defendant asserted in its original motion to dismiss and will again assert in its forthcoming motion to dismiss, Relator does not sufficiently plead scienter. Relator's purported factual allegations to support scienter mostly consist of conclusory statements that Verizon knew or should have known about "defective" Devices. But Relator does not allege how Verizon knew it, or who knew it, or what they knew, or why they would have known it. Courts have squarely rejected FCA claims premised on such conclusory allegations that a defendant "knew" of its allegedly wrongful activities without specific allegations of actual knowledge or at least enough facts establishing a supportable inference of such knowledge. *See, e.g., U.S. ex rel. Complin v. N. Carolina Baptist Hosp.*, 818 F. App'x 179, 183 (4th Cir. 2020) (rejecting "a general and conclusory allegation that the Hospitals 'knowingly' submitted false claims" and explaining that "[a]n FCA plaintiff must do more, setting forth specific facts that support an inference of scienter.") (internal citation and quotation omitted).

For purposes of this Motion, the Court need not actually determine whether Defendant's motion to dismiss will succeed. The Court need only consider whether Defendant has identified sufficient grounds for dismissal. *In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at *3 n.33 (E.D. Okla. Sept. 1, 2017) ("The court [in *Ciempa v. Jones*, 2012 WL 1565284 (N.D. Okla. May 2, 2012)] *did not evaluate the likelihood that the dispositive motion would succeed*—but its subject matter was relevant to

8

whether the plaintiff needed to conduct discovery pending the resolution of the motion.") (emphasis added). Defendant has clearly met that low threshold standard for this motion. Defendant should not have to undertake costly discovery until this Court has resolved which of Relator's theories of a False Claims Act violation, if any, survive Defendant's motion to dismiss. Thus, the cost and burden of premature discovery weighs in favor of a stay.

### B. Allowing Relator to proceed with discovery will unnecessarily burden defendant.

Given the glaring deficiencies in the Amended Complaint, Relator's suggestion that discovery is necessary at this time is the exact kind of fishing expedition that the Tenth Circuit and this Court, in particular, have concluded is an abuse of the judicial process. "When a plaintiff first pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant, and then bases massive discovery requests upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing, that plaintiff abuses the judicial process." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000). "The fact that a plaintiff has a broad theory of the case does not automatically justify broad discovery." *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 WL 279348, at *4 (N.D. Okla. Jan. 3, 2018) (quotation and citation omitted); *see also id.* ("The 2015 Amendment [to Fed. R. Civ. P. 26] continues the trend of 'encouraging more judicial involvement in discovery,' and the broad relevance standard must be considered in conjunction with the proportionality considerations.") (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).

To respond to Relator's anticipated Discovery Requests, Verizon would have to identify, collect, and review voluminous documents for responsiveness and privilege and

potentially interview witnesses. These processes will be time-consuming, expensive, and ultimately unnecessary. Moreover, those costs and time burdens are difficult to square with the proportionality of the theories of the case upon which Relator will be able to proceed, if any at all. *See, e.g., MSP Recovery Claims, Series LLC v. Tower Hill Prime Ins. Co.,* 2022 WL 1624811, at *1 (N.D. Fla. 2022) ("Plaintiffs cannot use a single pleaded claim to recover on dozens or hundreds of claims they have not pleaded or given Defendants an opportunity to respond to before trial.").

For these reasons, courts within the Tenth Circuit regularly grant motions to stay discovery pending resolution of a motion to dismiss. *See, e.g.*, *In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at *6 (E.D. Okla. Sept. 1, 2017) ("[T]he court finds Defendants have met their burden to show clear hardship to themselves and third parties warranting a discovery stay in this action pending the resolution of their initial Motions to Dismiss."); *Jane Phillips Mem'l Med. Ctr., Inc. v. Giovan*, No. 17-CV-232-TCK-FHM, 2017 WL 7736411, at *1 (N.D. Okla. July 6, 2017) (Kern, J.) ("Because both parties have raised issues early in the litigation that will impact the scope of the lawsuit, a stay of discovery pending resolution of these early-filed motions is in the interest of judicial economy and the interests of third parties who may be subject to subpoenas."); *Ciempa v. Jones*, No. 11-CV-347-GKF-FHM, 2012 WL 1565284, at *3 (N.D. Okla. May 2, 2012) (At this point, discovery on all issues of the complaint would be wasteful and burdensome. For those reasons, Defendants' motion to stay discovery shall be granted and Plaintiff's motion to compel discovery shall be denied."), *aff'd*, 511 F. App'x 781 (10th Cir. 2013); *Samson*, 2009 WL 1606564, at *2 (Kern, J.) ("[B]efore the Court can make a determination as to

10

whether dismissal or transfer to the bankruptcy court is appropriate, the Court finds it most prudent to stay discovery in order to avoid inconsistent rulings on discovery/case management issues and to avoid improper use of discovery in this forum.").

With the scope of Relator's lawsuit unknown and a determination pending as to whether it can proceed at all, the result should be no different here and the Court should grant a stay of discovery.

## II. STAYING DISCOVERY WILL CONSERVE JUDICIAL RESOURCES.

If discovery were to proceed while Defendant's motion to dismiss is pending, it would be an inefficient waste of resources for both the Court and the parties. "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Jovel v. Berkebile*, 2014 WL 29616, at *2 (D. Colo. Jan. 3, 2014) (internal quotation omitted)). Where, as here, Defendant's motion to dismiss may dispose of the entire action, "a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 855101, at *3 (D. Colo. Mar. 6, 2013); *see also In re Broiler Chicken Grower Litig.*, 2017 WL 3841912, at *5. (noting that granting a stay of discovery during a pending motion to dismiss allow the court to "conserve judicial resources by waiting until the court resolves threshold issues before becoming mired in possible discovery disputes"); *Harbinger Capital Partners LLC v. Ergen*, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.").

Relator's allegations are expansive and indeterminate. The expected discovery from Relator will likely be the same. The Court will likely expend precious judicial resources, in resolving the inevitable discovery disputes put into motion by the discovery process. "[T]he public's primary interest in [a] case is a general interest in its efficient and just resolution." *Blixseth v. Cushman & Wakefield of Colorado, Inc.*, 2012 WL 3962800, at *3 (D. Colo. Sept. 11, 2012). That interest is served by "[a]voiding wasteful efforts by the Court." *Id.* Even if this Court does not completely dismiss all of Relator's claims, the Court's determination will necessarily narrow issues and promote efficiency in discovery that weighs in favor of staying discovery. It would be wasteful to expend resources in managing an action while dispositive motions are pending. Consequently, the Court's and the public's interests are best served by staying discovery until a ruling on Defendant's forthcoming motion to dismiss.

### III. RELATOR WILL NOT BE PREJUDICED BY A STAY OF DISCOVERY.

Relator has suffered no personal damages to be redressed in this lawsuit. Staying discovery pending determination of the motion to dismiss will not prejudice Relator. If the Court grants Defendant's motion, the case will be over, and Relator will not be entitled to any discovery. Even if the Court only partially dismisses Relator's claim, staying discovery will reduce the burden on the parties and promote efficiency because discovery will also be narrowed by that ruling. Finally, even if Defendant's motion to dismiss is unsuccessful, Relator's ability to take discovery would not be significantly delayed. *See, e.g.*, *Samson*, 2009 WL 1606564, at *2 (Kern, J.) (granting motion to stay pending ruling on motion to dismiss where the plaintiffs did not identify "specific prejudice they w[ould] suffer in the event a stay is granted."); *Namoko v. Milgard Mfg., Inc.*, No. CIV.A. 06-CV-02031WD, 2007 WL

1063564, at *2 (D. Colo. Apr. 6, 2007) (granting defendant's motion to stay, noting that a "stay will not hinder Plaintiff's future ability to fully engage in discovery, in the event that the Motion to Dismiss is denied."); *Merrill Lynch v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ([A] discovery stay does not prejudice a plaintiff who "will have ample time [if the motion to dismiss is denied] to take discovery on the merit of its claims.") (quoting *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 293 (D. Conn. 1991)); *Perkins v. Missouri*, 2019 WL 332811, at *2 (W.D. Mo. Jan. 25, 2019) ( "[A] stay is not likely to harm Plaintiff if any of her claims survive the motion-to-dismiss stage because the regular course of scheduling and discovery would then go forward.").

A stay of discovery will not hinder Relator's ability to pursue his claim. Relator does not require discovery to respond to Defendant's forthcoming motion to dismiss. As outlined above, the burden discovery would place on the judicial system and the parties outweighs any potential delay to Relator in waiting for the Court's ruling on the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court stay discovery pending resolution of Defendant's forthcoming motion to dismiss the Amended Complaint and provide such additional relief as this Court deems just and proper.

DATED: October 10, 2023                Respectfully submitted,

    *s/John D. Russell*
John D. Russell, OBA No. 13343
GableGotwals
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
Telephone: (918) 595-4800
*jrussell@gablelaw.com*

-and-

Michael Francisco, *pro hac vice*
Charles Wm. McIntyre, *pro hac vice*
Edwin O. Childs, Jr., *pro hac vice*
Michael A. Brody, *pro hac vice*
McGuireWoods, LLP
888 16th Street N.W., Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
*mfrancisco@mcguirewoods.com*
*cmcintyre@mcguirewoods.com*
*echilds@mcguirewoods.com*
*mbrody@mcguirewoods.com*

Counsel for Defendant
Cellco Partnership

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

    *s/John D. Russell*
John D. Russell