UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the | ) | |
| STATE OF OKLAHOMA *ex. rel.* | ) | |
| SCOTT FOSTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-166-TCK-CDL |
| | ) | |
| CELLCO PARTNERSHIP D/B/A | ) | |
| VERIZON WIRELESS | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINITFF/RELATOR'S MOTION TO COMPEL AND BRIEF IN SUPPORT**

This case concerns Defendant's—Cellco Partnership, d/b/a Verizon Wireless ("Verizon" or "Defendant")—sale of 50,000 Verizon Ellipsis Jetpack 900L hotspots to the state of Oklahoma for the purpose of permitting remote learning for thousands of Oklahoma schoolchildren at the height of the COVID-19 pandemic. (Doc. 40 ¶ 3). Plaintiff/Relator alleges that these hotspot devices were defective, and known by Verizon to be defective, when sold, and thus Verizon violated the False Claims Act in selling the devices to the state of Oklahoma.

On October 28, 2023, Relator served a single request for production, seeking only the documents that Verizon had already provided to the government in connection with the allegations at issue here.  Verizon has refused to produce a single page.  Accordingly, Relator seeks an order compelling Verizon to produce those documents.

**I.      Background**

Relator originally filed this case on April 9, 2021—nearly three years ago—asserting a cause of action under the False Claims Act, 31 U.S.C. § 3729. The case was under seal until December 21, 2022, at which time the government declined to intervene. (Doc. 14). Following

Verizon's initial motion to dismiss (Doc. 36), Relator filed an Amended Complaint on August 25, 2023, (Doc. 40).  Verizon filed its pending Motion to Dismiss on October 23, 2023, (Doc. 48), to which Relator has responded (Doc. 52), and Verizon replied (Doc. 55).

On October 2, 2023, Verizon file a Motion to Stay Discovery pending resolution of the aforementioned Motion to Dismiss. (Doc. 44). Relator filed his response on October 23, 2023. (Doc. 47), and Verizon filed its reply in support in early November, (Doc. 49). That motion, like the motion to dismiss, remains pending and unresolved.

## II.     The Discovery Request

Simultaneous with his response to the Motion to Stay, on October 23, 2023, Relator served his first Requests for Production of Documents to Verizon, which consisted of a single request:

> All Documents that Verizon provided to any governmental agency, regulatory agency, law enforcement agency, or advisory council, relating to the Action or any allegations in the Action.

*See* **Exhibit 1**.

In response, Verizon objected, asserting, as follows:

> Defendant objects to this Request to the because it seeks information that is protected by the work product doctrine, attorney-client privilege, and other privileges, protections, and immunities applicable under governing law. Defendant also objects to the extent this Request because it is overbroad, unduly burdensome, and seeks irrelevant information that is not specific to this case nor likely to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks materials that are already in the possession, custody, or control of Relator, or are equally obtainable from third parties or from some other source that is more convenient, less burdensome, or less expensive. Defendant further objects to this Request because it seeks confidential information, proprietary documents, or trade secrets. Finally, Defendant objects to this Request because Relator fails to state a claim in his Amended Complaint, and Defendant has a pending Motion to Stay Discovery.

*See* **Exhibit 2**.[1]

On December 14, 2023, counsel for the parties held a meet and confer conference via zoom to discuss the issues Relator's counsel had raised concerning the response and objections. *See* **Exhibit 3**. At the meeting, Verizon confirmed that it would stand on its objections and would not be producing any documents. This motion follows.

## III.   Argument

### A.   Standard

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The considerations that bear on proportionality include 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Stainsby v. Oklahoma ex rel. Oklahoma Health Care Auth.*, No. CIV-21-1073-D, 2022 WL 1748263, at *1 (W.D. Okla. May 31, 2022) (quoting Fed. R. Civ. P. 26(b)(1)).

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility. Discovery is not, however, intended to be a 'fishing expedition.'" *Stainsby*, 2022 WL 1748263, at *1 (quoting *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. July 22, 2002)). "[B]road discovery is not without limits and the trial court is

---

[1] Verizon's initial Response and Objection was provided via email on November 20, 2023. However, that version was in Word document format and unsigned, in violation of Fed. R. Civ. P. 26(g)(1). Verizon did not provide a signed Responses and Objections until Dec. 8, 2023, following Relator's counsel raising that issue amongst the others set out herein. *See* **Exhibit 3**, email string amongst counsel.

given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation marks omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Stainsby*, 2022 WL 1748263, at *1 (citing *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

### B. The Requested Documents are Clearly Relevant and Verizon's Objections are Improper

Relator's single request for production was, quite intentionally, very narrowly drawn to avoid precisely the objections Verizon raises here. As noted above, the request seeks only documents *already* collected, reviewed, and produced by Verizon to the government in response to the allegations raised *in this case*. Such productions are typical in False Claims Act cases such as this one. Indeed, Relator Counsel's conversations with the government following its intervention decision confirm that Verizon made substantial document production(s) to the U.S. Attorney's Office for the Northern District of Oklahoma related to the allegations here. Little could be more clearly relevant than documents already produced to the government concerning the allegations Relator raised.

Verizon also objects that the sought-after materials "are already in the possession, custody, or control of Relator, or are equally obtainable from third parties or from some other source that is more convenient, less burdensome, or less expensive." Ex. 2. On the contrary, however, Relator does not have the documents he requested and Verizon does not identify what the supposed more convenient "other source" might be. Certainly, Relator does not have the ability to compel the U.S. Attorney's Office to turn over its investigative files, nor would seeking to do so be "more convenient, less burdensome, or less expensive."

Moreover, the purposefully narrowly constructed request also necessarily undermines Verizon's claims of burden and privilege. As to burden, the request only seeks documents Verizon already collected, reviewed, and produced to the government concerning this case and the allegations herein. Thus, the burden imposed by this request should be little more than the click of a button. And boilerplate burden objections—like that Verizon interposed here—fail to meet the standard of specificity required by Rule 34, specifically, that objections "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Thus, Verizon's failure to provide a timely signed response, along with its "general or boilerplate objections, offered without explanation, may constitute a waiver of the responding party's right to object." *Howard v. Segway, Inc.*, 11-CV-688-GKF-PJC, 2013 WL 869955, at *3 (N.D. Okla. Mar. 7, 2013); *see also, e.g.*, *Caves v. Beechcraft Corp.*, 15-CV-125-CVE-PJC, 2016 WL 355491, at *1 (N.D. Okla. Jan. 29, 2016) ("Objections to discovery requests must be stated with specificity. Mere boilerplate objections or the familiar litany of 'overly broad, vague or burdensome,' without more, is not sufficient.").

Similarly, the fact that the request seeks only documents already disclosed to a third-party (the government) precludes any claim of privilege or confidentiality. Specifically, "[b]ecause confidentiality is the key to maintaining the attorney-client privilege, a party waives the privilege when he voluntarily discloses to a third party material or information that he later claims is protected." *In re Grand Jury Proc.*, 616 F.3d 1172, 1184 (10th Cir. 2010); *see also, e.g.*, *United States v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989) ("Any voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege."). Accordingly, in the *In re Grand Jury* matter, "although the court record was sealed because it related to an ongoing grand jury investigation, the affidavit was also given to the government. Therefore, Appellant

waived any privilege that attached . . . ." *In re Grand Jury Proc.*, 616 F.3d at 1184. And, notably, there is no exception to this rule related to government investigations. *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1198–99 (10th Cir. 2006) ("In this case, there are no grounds to buck the trend of declining to create a new privilege. There is no groundswell in the state legislatures for a privilege for materials produced in a government investigation. . . . All of these factors counsel against establishing a new government-investigation privilege and correspondingly counsel against adopting Qwest's proposed rule regardless of whether it be characterized as a new privilege or a new rule governing waiver.") (footnote and citations omitted).

Finally, Verizon asserts that the pendency of its Motion to Stay Discovery serves as a viable objection. However, Verizon is mistaken. As the court in *Torres v. Wendy's Int'l, LLC*, Case No.: 6:16-CV-210-ORL-40DCI, 2016 WL 7104870, at *3 n.1 (M.D. Fla. Nov. 29, 2016), noted in denying a motion to stay discovery, the defendant, in citing its pending motion to stay as one of its objections, had "[i]n effect . . . granted its own motion to stay pending the Court's ruling on that motion," which was improper. So too has Verizon here. Indeed, in response to Relator's request for authority supporting such a position, Verizon has provided none.

## IV.    Conclusion

Relator propounded a single, narrowly drawn request for production, seeking only documents Verizon had already collected, reviewed, and produced to the government in response to the allegations raised in this case. The purpose of such a request was to avoid any arguments concerning relevance, or overbreadth, or privilege, or the like. Yet here we are. The Court should overrule the facially infirm objections and compel production of the documents Relator seeks.

Dated: March 13, 2024                                  Respectfully submitted,

*s/ Patrick A. Barthle II*

Patrick A. Barthle II
Florida Bar No. 99286
pbarthle@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708


Bradford D. Barron, OBA #17571
**THE BARRON LAW FIRM, PLLC**
PO Box 369
Claremore, OK 74018
(918)341-8402 Phone
(918)515-4691 Fax
bbarron@barronlawfirmok.com


*Attorneys for Plaintiff/Relator*


## CERTIFICATE OF SERVICE

I certify that on March 13, 2024, I served a copy of the foregoing to the Clerk of the

Court via the ECF system for filing and transmittal to all counsel of record in this case.


*s/ Patrick A. Barthle II*
Patrick A. Barthle II